Steven A. Christensen
Christensen Young & Associates, PLLC
9980 South 300 West #200
Sandy, UT  84070
Telephone: (801) 255-8727
Facsimile: (888) 569-2786

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Nellie Christensen, Stephanie Wright, Jennifer Christensen, Zachary Christensen,<br><br>Plaintiffs,<br><br>v.<br><br>Target Corporation, a Minnesota Corporation, and JOHN or JANE DOES 1-10,<br><br>Defendants. | CLASS ACTION COMPLAINT FOR:<br>1. Violation of Utah Unfair Competition Act, Utah Code Annotated 13-5a-101 *et seq.*;<br>2. Invasion of Privacy - Intrusion, Public Disclosure of Private Facts, Misappropriation of Likeness and Identity, and Utah Constitutional Right to Privacy;<br>3. Negligence;<br>4. Breach of Contract and Bailment;<br>5. Conversion;<br><br>Case No:<br><br>Judge:<br><br>Demand for Jury Trial |

COME NOW Plaintiff's Nellie Christensen, Stephanie Wright, Jennifer Christensen, Zachary Christensen, ("Plaintiffs") and brings this class action against Defendants TARGET CORPORATION ("TARGET"), a Minnesota Corporation, and DOES 1-10 (collectively, "Defendants") on behalf of themselves and all others similarly situated to obtain damages, restitution and injunctive relief for the Class, as defined, below, from DEFENDANTS.  Plaintiffs make the following allegations upon information and belief, except as to their own actions, the investigation of their counsel, and the facts that are a matter of public record, and avers and alleges as follows:

1

1.     Plaintiffs are individuals who reside in this Judicial District, in the State of Utah.

2.     Defendant TARGET CORPORATION is a Minnesota Corporation headquartered in Minneapolis, Minnesota.

JURISDICTION AND VENUE

3.     This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). In the aggregate, Plaintiffs claims and the claims of the other members of the Class exceed $5,000,000.00 exclusive of interest and costs, and there are numerous class members who are citizens of states other than TARGET'S state of citizenship, which is Minnesota.

4.     This Court has personal jurisdiction over TARGET because TARGET is authorized to do business in the State of Utah, and operates stores within this Judicial District.

5.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 because many of the acts and transactions giving rise to this action occurred in this District and because TARGET is subject to personal jurisdiction in this District.

GENERAL ALLEGATIONS

6.     Upon information and belief, TARGET is the second-largest discount retailer in the United States and, as of 2013, was ranked 36th on the Fortune 500 list of top US companies, by revenue.

7.     Plaintiffs shopped at Target stores, and used their debit cards, or charge cards at a Target Stores in this Judicial District between November 27 and December 15, 2013.

8.     Upon information and belief, the data breach affected approximately 40 million credit and debit cards which were processed in U.S. TARGET stores between November 27 and December 15, 2013.

9.     Upon information and belief the first news of the data breach was published by a blogger (Brian Krebs of <http://krebsonsecurity.com/>) on or about December 18, 2013, before TARGET made any attempt whatsoever to notify affected customers.

10.    As widely reported by multiple news services on December 19, 2013: "Investigators believe the data was obtained via software installed on machines that customers use to swipe magnetic strips on their cards when paying for merchandise at Target stores."

2

<http://www.cbsnews.com/news/target-confirms-massive-credit-debit-card-data-breach/> (posted December 19, 2013).

11.     "The type of data stolen — also known as 'track data' — allows crooks to create counterfeit cards by encoding the information onto any card with a magnetic stripe."

 <http://krebsonsecurity.com/> (posted December 19, 2013).

12.     The thieves may also have accessed PIN numbers for affected customers' debit cards, allowing the thieves to withdraw money from those customers' bank accounts. *(Id.)*

13.     Thieves could not have accessed this information and installed the software on TARGET'S point-of-sale machines but for DEFENDANTS' negligence.

14.     Upon information and belief TARGET failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the data breach.

15.     Plaintiffs that as this news broke, TARGET finally released a statement concerning the data breach, which statement did not notify affected customers directly, but the notification was posted as a statement on its corporate website (not on the shopping site regularly accessed by customers) on December 19, 2013, confirming "that the information involved in this incident included customer name, credit or debit card number, and the card's expiration date and CVV (the three-digit security code)."   <https://corporate.target.com/discover/article/Important-Notice-Unauthorized-access-to-payment-ca> (posted December 19, 2013).

16.     In its December 19 statement concerning the data breach, Target also claimed to "have identified and resolved the issue," conveying a false sense of security to affected customers. *(Id.)*

17.     On information and belief, Plaintiffs identifying and financial information was disclosed in the data breach.

18.     Plaintiffs contend that the ramifications of Defendants' failure to keep class members' data secure are severe.

19.     The information Defendants lost, including Plaintiffs' identifying information and other financial information, is "as good as gold" to identity thieves, in the words of the Federal Trade Commission ("FTC"). FTC, *About Identity Theft,* available at

 <http://www.ftc.gov/bcp/edu/microsites/idtheft/consumers/about-identity-theft.html> (March 23, 2011).

20.     Plaintiffs contend, according to the FTC, that identity theft occurs when someone uses another's personal identifying information, such as that person's name, address, credit card number, credit card expiration dates, and other information, without the owners permission or consent, in order to commit fraud or other crimes. *Id*

21.     Identity thieves can use identifying data to open new financial accounts and incur charges in another person's name, take out loans in another person's name, incur charges on existing accounts, or clone ATM, debit, or credit cards. *Id*

22.     Identity thieves can use personal information such as that lost by DEFENDANT and pertaining to the Plaintiff and other Class members, which Defendants failed to keep secure to perpetrate a variety of crimes that do not cause financial loss, but nonetheless harm the victims. For instance, identity thieves may commit various types of fraud, including, but not limited to: immigration fraud; obtaining a driver's license or identification card in the victim's name but with another's picture; using the victim's information to obtain government benefits; or filing a fraudulent tax return using the victim's information to obtain a fraudulent refund.

23.     Additionally, identity thieves may obtain medical services using the Plaintiffs' lost information or commit any number of other fraudulent activities.

24.     Annual monetary losses from identity theft are in the billions of dollars.

25.     According to a Presidential Report on identity theft, produced in 2008:

> In addition to the losses that result when identity thieves fraudulently open accounts or misuse existing accounts,... . individual victims often suffer indirect financial costs, including the costs incurred in both civil litigation initiated by creditors and in overcoming the many obstacles they face in obtaining or retaining credit. Victims of non-financial identity theft, for example, health-related or criminal record fraud, face other types of harm and frustration.

> In addition to out-of-pocket expenses that can reach thousands of dollars for the victims of new account identity theft, and the emotional toll identity theft can take, some victims have to spend what can be a considerable amount of time to repair the damage caused by the identity thieves. Victims of new account identity theft, for example, must correct fraudulent information in their credit reports and monitor their reports for future inaccuracies, close existing bank accounts and open new ones, and dispute charges with individual creditors.

*The President's Identity Theft Task Force Report* at p.21 (Oct. 21, 2008), available at

<http://www.idtheft.gov/reports/StrategicPlan.pdf>.

26.     According to the U.S. Government Accountability Office ("GAO"), which conducted a study regarding data breaches:

> [L]aw enforcement officials told us that in some cases, stolen data may be held for up to a year or more before being used to commit identity theft. Further, once stolen data have been sold or posted on the Web, fraudulent use of that information may continue for years. As a result, studies that attempt to measure the harm resulting from data breaches cannot necessarily rule out all future harm.

GAO, *Report to Congressional Requesters,* at p.33 (June 2007), available at

<http://www.gao.gov/new.items/d07737.pdf>.

27.     Plaintiff and the Class they seek to represent now face years of constant surveillance of their financial and personal records, monitoring, and loss of rights.

## CLASS ACTION ALLEGATIONS

28.     Plaintiffs bring this action on their own behalf, and on behalf of all other persons similarly situated ("the Class").  The Class that Plaintiffs seek to represent is:

> **All persons who used credit or debit cards at Target Corporation stores in Utah and whose personal and/or financial information was breached during the period from on or about November 27 to on or about December 15, 2013. Excluded from the Class are Defendants; officers, directors, and employees of Defendants; any entity in which Defendants have a controlling interest; the affiliates, legal representatives, attorneys, heirs, and assigns of the Defendants.**

29.    The members of the Class are so numerous that the joinder of all members is impractical. While the exact number of Class members is unknown to Plaintiffs at this time, based on information and belief, it is in the hundreds of thousands.

30.    There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiffs claims are typical of the members of the Class, and Plaintiffs can fairly and adequately represent the interests of the Class.

31.    This action satisfies the requirements of Federal Rules of Civil Procedure, Rule 23(b)(3) because it involves questions of law and fact common to the members of the Class that predominate over any questions affecting only individual members, including, but not limited to:

a.    Whether Defendants unlawfully used, maintained, lost or disclosed Class members' personal and/or financial information;

b.    Whether TARGET unreasonably delayed in notifying affected customers of the data breach;

c.    Whether Defendants failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the data breach.

d.    Whether Defendants violated the requirements of Utah Code Annotated, Section 13-5a 103 *et seq.*

e.    Whether Defendants' conduct violated the Utah Code Annotated, Section 13-44-102, *et seq.*

f.    Whether Defendants' conduct was negligent;

g.    Whether Defendants acted willfully and/or with oppression, fraud, or malice;

h.    Whether Defendants' conduct constituted intrusion;

i.    Whether Defendants' conduct constituted public disclosure of private facts;

j.    Whether Defendants' conduct constituted misappropriation of likeness and identity;

k.    Whether Defendants' conduct violated Class members' Utah Constitutional Right to Privacy;

l.    Whether Defendants' conduct constituted bailment and breach of contract;

6

m.  Whether Defendants' conduct constituted conversion;

n.  Whether Plaintiffs and the Class are entitled to damages, civil penalties, punitive damages, and/or injunctive relief.

32.     Plaintiffs claims are typical of those of other Class members because Plaintiffs information, like that of every other class member, was misused and/or disclosed by Defendants.

33.     Plaintiffs will fairly and accurately represent the interests of the Class.

34.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendants and would lead to repetitive adjudication of common questions of law and fact.  Accordingly, class treatment is superior to any other method for adjudicating the controversy.  Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action under Rule 23(b)(3).

35.     Damages for any individual class member are likely insufficient to justify the cost of individual litigation, so that in the absence of class treatment, Defendants' violations of law inflicting substantial damages in the aggregate would go un-remedied without certification of the Class.

36.     Defendants have acted or refused to act on grounds that apply generally to the class, as alleged above, and certification is proper under Rule 23(b)(2).

<u>FIRST COUNT</u>

Violation of the Utah Unfair Competition Law UCA §13-5a-103, *et seq*.

37.     Plaintiffs incorporate by reference paragraphs 1-36 as if fully set forth herein.

38.     Defendants' conduct constitutes unfair and illegal and fraudulent business practices within the meaning of the Utah Unfair Competition Law.

39.     Defendants' conduct violated certain laws as alleged herein, and, *ergo*, by engaging in the said conduct in the course of doing business, Defendants engaged in unlawful business practices in violation of the Utah Unfair Competition Law, Utah Code Annotated (UCA) § 13-5a-101 *et seq.*

40.     Plaintiffs contend that by engaging in the above-described conduct in the course of doing business, Defendants engaged in unfair business practices in violation of the Utah Unfair Competition Law (U.C.A. § 13-5a-101 *et seq*). The harm and potential harm to each Plaintiff outweighed any utility that Defendants' conduct may have produced.

41.     Defendants' failure to disclose information concerning the data breach directly and promptly to affected customers, constitutes a fraudulent act or practice in violation of Utah Unfair Competition Laws.

42.     Plaintiffs suffered injury in fact and lost property and money as a result of Defendants' conduct.

43.     Plaintiffs seek restitution and injunctive relief on behalf of the Class.

<u>SECOND COUNT</u>

Invasion of Privacy - Intrusion, Public Disclosure of Private Facts, Misappropriation of Likeness and Identity, and Utah Constitutional Right to Privacy

44.     Plaintiffs incorporate by reference paragraphs 1-43 as if set forth in full particularity herein.

45.     Plaintiffs had a reasonable expectation of privacy in the private information Defendants mishandled.

46.     By failing to keep Plaintiffs private information safe, and by misusing and/or disclosing said information to unauthorized parties for unauthorized use, Defendants invaded Plaintiffs privacy by:

        a.  intruding into Plaintiffs private affairs in a manner that would be highly offensive to a reasonable person;

        b.  publicizing private facts about Plaintiffs, which is highly offensive to a reasonable person;

        c.  using and appropriating Plaintiffs identity without Plaintiffs' consent;

        d.  violating Plaintiffs right to privacy under Utah Constitution, Article 1, Section 1, through the improper use of Plaintiff s private information properly obtained for a specific purpose for another purpose, or the disclosure of it to some third party.

47.     Plaintiffs allege that Defendants knew, or acted with reckless disregard of the fact that, a reasonable person in Plaintiffs position would consider Defendants' actions highly offensive.

8

48.     Plaintiffs assert that Defendants invaded Plaintiffs right to privacy and intruded into Plaintiffs private affairs by misusing and/or disclosing Plaintiffs private information without their informed, voluntary, affirmative and clear consent.

49.     Plaintiffs contend that as a direct and proximate result of such misuse and disclosures, Plaintiffs reasonable expectations of privacy in their private information was unduly frustrated and thwarted, and that the Defendants' conduct amounted to a serious invasion of Plaintiffs' protected privacy interests.

50.     Plaintiff assert Defendants had a duty to protect Plaintiffs private information and that in failing to protect Plaintiffs private information, and in misusing and/or disclosing Plaintiffs private information, Defendants have acted with malice, oppression and in conscious disregard of Plaintiffs and the Class members' rights to have such information kept confidential and private. Plaintiffs, accordingly, seek an award of punitive damages on their behalf as well as on behalf of the Class.

## THIRD COUNT

### Negligence

51.     Plaintiffs incorporate by reference paragraphs 1-50 as if set forth in full particularity herein.

52.     Plaintiffs assert that Defendants came into possession of Plaintiff s private information and had a duty to exercise reasonable care in safeguarding and protecting such information from being compromised, lost, stolen, misused, and/or disclosed to unauthorized parties.

53.     Plaintiffs contend that Defendants had a duty to timely disclose that Plaintiffs private information within its possession had been compromised.

54.     Plaintiffs allege that Defendants had a duty to have procedures in place to detect and prevent the loss or unauthorized dissemination of Plaintiff s private information.

55.     Plaintiffs assert that Defendants, through their actions and/or omissions, unlawfully breached their duty to Plaintiffs by failing to exercise reasonable care in protecting and safeguarding Plaintiffs private information within Defendants' possession.

56.    Plaintiffs contend that Defendants, through their actions and/or omissions, unlawfully breached their duty to Plaintiffs by failing to exercise reasonable care, and by failing to have appropriate procedures in place to detect and prevent dissemination of Plaintiffs private information.

57.    Plaintiffs allege that Defendants, through their actions and/or omissions, unlawfully breached their duty to timely disclose to the Plaintiffs and the Class members the fact that their private information within their possession had been compromised.

58.    Plaintiffs assert that Defendants' negligent and wrongful breach of their duties owed to Plaintiffs and the Class proximately caused Plaintiffs and the Class members' private information to be compromised.

59.    As a direct and proximate result of Defendants negligence, Plaintiffs seek the award of actual damages on behalf of the Class.

## FOURTH COUNT

### Breach of contract and Bailment

60.    Plaintiffs incorporate by reference paragraphs 1-59 as if set forth with full particularity herein.

61.    Plaintiffs and the Class members delivered and entrusted their Private information to Defendants for the sole purpose of receiving goods and services from Defendants.

60.    Plaintiffs allege that TARGET made representations and entered into contractual and implied contractual relations regarding TARGET's duty to safeguard Plaintiffs private information, including, but not limited to TARGET's representation that:

> How is Your Personal Information Protected? Security Methods
> We maintain administrative, technical and physical safeguards to protect your personal information. When we collect or transmit sensitive information such as a credit or debit card number, we use industry standard methods to protect that information.
> Target Privacy Policy.

61.    Plaintiffs contend that the contractual duties between Plaintiffs and Defendants were established via representations and a pattern of conduct between TARGET and its customers.

10

62.     Plaintiffs assert that TARGET breached its duty to safeguard its customers privacy, and thereafter intentionally failed to inform Plaintiffs and Class members of the data breach.

63.     The Utah Supreme Court has held that breach of contract, standing alone, does not call for punitive damages even if intentional and unjustified, but such damages are allowable if there is some independent tort indicating malice, fraud or wanton disregard for the rights of others. *Hal Taylor Assocs v. Unionamerica, Inc.*, 657 P.2d 743, 750 (Utah 1982); *See also* <u>*Dold v. Outrigger Hotel,* 54 Hawaii 18, 501 P.2d 368 (1972)</u>; <u>*Temmen v. Kent-Brown Chevrolet Co.,* 227 Kan. 45, 605 P.2d 95 (1980)</u>; <u>*Jackson v. Glasgow,* Okla. Ct. App., 622 P.2d 1088 (1980)</u>.

64.     Plaintiffs contend that the wanton refusal to notify customers of the data breach, until the breach was identified by a third party, warrants the imposition of punitive damages against the Defendants pursuant to the independent intentional torts committed by the Defendants.

65.     Plaintiffs additional contend that during the time of bailment, Defendants owed Plaintiffs and the Class members a duty to safeguard their information properly and maintain reasonable security procedures and practices to protect such information (as set forth in TARGET's privacy policies). Plaintiffs allege Defendants breached this duty.

66.     Plaintiffs assert that as a result of these breaches of duty, breach of contract, and breach of bailment, Plaintiffs and the Class members have suffered harm.

67.     Plaintiffs seek actual damages on behalf of the Class.

<u>FIFTH COUNT</u>

Conversion

68.     Plaintiffs incorporate by reference paragraphs 1-67 as if set forth with full particularity herein.

69.     Plaintiffs and Class members were the owners and possessors of their private information. As the result of Defendants' wrongful conduct, Defendants have interfered with the Plaintiffs and Class members' rights to possess and control such property, to which they had a superior right of possession and control at the time of conversion.

70.     As a direct and proximate result of Defendants' conduct, Plaintiffs and the Class members suffered injury, damage, loss or harm and therefore seek compensatory damages.

71.     Plaintiffs allege that in converting Plaintiffs private information, Defendants have acted with malice, oppression and in conscious disregard of the Plaintiffs and Class members' rights. Plaintiffs, accordingly, seek an award of punitive damages on behalf of the Class.

72.     Plaintiffs and the Class members did not consent to Defendants' mishandling and loss of their private information.

SIXTH COUNT

Violation of UCA

73.     Plaintiffs incorporate by reference paragraphs 1-72 as if set forth with full particularity herein.

74.     The data breach described above constituted a "breach of the security system" of TARGET, within the meaning of Section 13-44-102, Utah Code Annotated and constituted a breach of TARGETS announced adequate security measures.

75.     The information lost in the data breach constituted "personal information" within the meaning of Section 13-44-102(3)(a) Utah Code Annotated.

76.     Plaintiffs contend that Defendants failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the data breach, which failure cause Plaintiffs and other Class members harm and injury.

77.     Plaintiffs assert that TARGET unreasonably delayed informing anyone about the breach of security of Utah Class members' confidential and non-public information after Defendants knew the data breach had occurred.

78.     Plaintiffs allege Defendants failed to disclose to Utah Class members, without unreasonable delay, and in the most expedient time possible, the breach of security of their unencrypted, or not properly and securely encrypted, personal information when TARGET knew, or reasonably believed such information had been compromised.

12

79.     Upon information and belief, no law enforcement agency instructed TARGET that notification to Utah Class members would impede investigation.

80.     Plaintiffs allege that as a result of Defendants' breach of contract, negligence, failure to secure private information, Plaintiffs and other Class members incurred economic damages, including, but not limited to, expenses associated with necessary credit monitoring.

80.     Plaintiffs, individually and on behalf of the Class, seek all remedies available under applicable Utah and Federal laws, including, but not limited to: (a) damages suffered by Class members as alleged above; (b) statutory damages for Defendants' willful, intentional, and/or reckless violation of Utah Unfair Competition Act; and (c) equitable relief.

81.     Plaintiffs, individually and on behalf of the Class, also seek reasonable attorneys' fees and costs as allowed by statue, and law.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiffs pray for judgment as follows:

A.   For an Order certifying this action as a class action and appointing Plaintiffs and their Counsel to represent the Class;

B.   For equitable relief enjoining Defendants from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of Plaintiffs and Class members' private information, and from refusing to issue prompt, complete and accurate disclosures to the Plaintiffs and Class members;

C.   For equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of Defendants' wrongful conduct;

D.    For an award of actual damages, compensatory damages, statutory damages, and statutory penalties, in an amount to be determined;

E.   For an award of punitive damages;

F.   For an award of costs of suit and attorneys' fees, as allowable by law; and

G.   Such other and further relief as this court may deem just and proper.

13

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial of their claims to the extent authorized by law.

Dated:   December 31, 2013

Christensen Young & Associates, PLLC

Steven A. Christensen. #5190

14