Sterling A. Brennan (Utah State Bar No. 10060; Email:  sbrennan@mabr.com)
MASCHOFF BRENNAN LAYCOCK
   GILMORE ISRAELSEN & WRIGHT PLLC
201 South Main Street, Suite 600     &     20 Pacifica, Suite 1130
Salt Lake City, Utah  84111                   Irvine, California 92618
Telephone:  (435) 252-1360                  Telephone:  (949) 202-1900
Facsimile:   (435) 252-1361                   Facsimile:   (949) 453-1104

Attorneys for Defendant TARGET CORPORATION

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| NELLIE CHRISTENSEN, STEPHANIE WRIGHT, JENNIFER CHRISTENSEN, ZACHARY CHRISTENSEN,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>TARGET CORPORATION, a Minnesota Corporation, and JOHN or JANE DOES 1-10,<br><br>　　　　　　Defendants. | Civil Action No. 2:13-cv-01136-CW-DBP<br><br>**DEFENDANT TARGET CORPORATION'S MOTION TO (A) STAY PROCEEDINGS PENDING TRANSFER DECISION BY JUDICIAL PANEL ON MULTIDISTRICT LITIGATION OR, IN THE ALTERNATIVE, (B) FOR FURTHER ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFFS' COMPLAINT** |

## TABLE OF CONTENTS

Page

MEMORANDUM OF LAW ................................................................................................... 2
I. BACKGROUND ....................................................................................................... 2
II. ARGUMENT ............................................................................................................. 4
      A. A Stay in this Action Would Help Conserve Judicial Resources, Avoid Duplicative Litigation, and Increase Efficiency and Consistency ......................... 5
      B. Target Will Be Prejudiced If a Stay Is Denied. ...................................................... 6
      C. Plaintiffs Will Not Be Prejudiced by the Grant of a Stay. ..................................... 7
      D. A Transfer Order Is Likely. ................................................................................... 8
III. CONCLUSION .......................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Asmann v. Dairy Farmers of America, Inc.*,
  No. 12-1060-KHV/DJW, 2012 WL 1136865 (D. Kan. Apr. 04, 2012) ...............................4, 5

*Bd. of Trs. of Teachers' Ret. Sys. of Ill. v. Worldcom, Inc.*,
  244 F. Supp. 2d 900 (N.D. Ill. 2002) .................................................................................6

*Bigley v. Sgarlato Labs., Inc.*,
  No. 09-cv-02262-WDM-KLM, 2010 WL 743587 (D. Colo. Mar. 1, 2010) ............................7

*Franklin v. Merck & Co.*,
  No. 06-cv-02164-WYD-BNB, 2007 WL 188264 (D. Colo. Jan. 24, 2007).......................4, 5, 6

*In re Hannaford Bros. Co. Customer Data Security Breach Litig.*,
  559 F. Supp. 2d 1405 (J.P.M.L. 2008)................................................................................8

*In re Schnuck Mkts., Inc. Customer Data Security Breach Litig.*,
  MDL. No. 2470, 2013 WL 5670861 (J.P.M.L. Oct. 18, 2013) ..............................................8

*In re Sony Gaming Networks & Customer Data Security Breach Litig.*,
  802 F. Supp. 2d 1370 (J.P.M.L. 2011)................................................................................8

*In re Target Corp. Customer Data Security Breach*
  (MDL No. 2522) ..................................................................................................................3

*In re TJX Cos. Customer Data Security Breach Litig.*,
  493 F. Supp. 2d 1382 (J.P.M.L. 2007)................................................................................9

*In re Zappos.com, Inc. Customer Data Security Breach Litig.*,
  867 F. Supp. 2d 1357 (J.P.M.L. 2012)................................................................................8

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936)............................................................................................................4

*Lilak v. Pfizer Corp.*,
  No. 08-cv-02439-CMA-KLM, 2008 WL 4924632 (D. Colo. Nov. 13, 2008) ....................5, 7

*Lundy v. C.B. Fleet Co.*,
  No. 09-cv-00802-WYD-KLM, 2009 WL 1965521 (D. Colo. July 6, 2009)...........................4

*Pace v. Merck & Co.*,
  No. CIV 04-1356 ..................................................................................................4, 5

*Pfizer Inc. v. Apotex Inc.*,
  640 F. Supp. 2d 1006 (N.D. Ill. 2009) ................................................................4

*Urynowicz v. Johnson & Johnson*,
  No. 11-cv-01703-REB-KMT, 2011 WL 4435078 (D. Colo. Sept. 23, 2011) .......5, 8

**STATUTES**

28 U.S.C. § 1407.................................................................................................3

**OTHER AUTHORITIES**

David F. Herr, *Multidistrict Litigation Manual* § 4.27 (2013 ed.)...................................7

Defendant Target Corporation ("Target") hereby moves this Court for the entry of an order staying the above-captioned action ("Action") pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML") on requests to transfer this Action and 80 other substantially similar actions (together with this Action, the "Actions")[1] into a multidistrict litigation ("MDL").[2] These Actions all arise out of a single event: Target's announcement on December 19, 2013 that it detected unauthorized access to payment card data.

This Court has the inherent power to stay this Action in order to conserve judicial resources, avoid duplicative litigation, ensure consistency and efficiency, and prevent prejudice to the parties. Courts routinely grant stays pending a ruling from the JPML on a transfer motion. Indeed, courts have already entered orders staying 24 of the Actions on these very grounds. For example, in *Gray v. Target Corp.*, Judge Scola of the Southern District of Florida recently stayed one of the Actions because "it would be a waste of judicial resources to proceed with the instant matter when the JPML is considering the consolidation of the 60 similar cases." No. 13-cv-62769, ECF No. 20 at 2 (S.D. Fla. Jan. 27, 2014).[3]

As in *Gray* and the other Actions that have been stayed, the relevant factors each weighs heavily in favor of staying this Action. Target would indisputably be prejudiced by litigating dozens of overlapping lawsuits across the country, only to repeat its efforts on a consolidated basis after the proceedings are transferred. This Court's resources (and the resources of courts

---

[1] A list of the Actions is attached hereto as Exhibit A.

[2] As a less-preferred alternative to the requested stay, Target moves the Court to further extend its current deadline of March 17, 2014 (see Document No. 7) to respond to plaintiffs' "Class Action Complaint" (Document 2; the "Complaint") to 30 days after the Court rules on Target's primary request: i.e., a stay.

[3] Judge Scola's order is attached hereto as Exhibit B.

1

across the country) would be wasted in this duplicative, early effort. And plaintiffs will not be prejudiced by a stay as this Action is barely seven weeks old and the JPML action is proceeding expeditiously. Accordingly, Target respectfully requests that this Court enter an order staying this Action pending the JPML's decision on the pending transfer motions. Alternatively, Target requests that the Court further enlarge Target's time to respond to the Complaint until no less than 30 days after a ruling on this Motion to Stay.

## MEMORANDUM OF LAW

### I.   BACKGROUND

The Actions arise from Target's December 19, 2013 announcement that it detected unauthorized access to payment card data. On December 31, 2013 (after a number of the other Actions had already been filed), plaintiffs in this Action filed their Complaint, seeking to represent a putative class of "[a]ll persons who used credit or debit cards at Target Corporation stores in Utah and whose personal and/or financial information was breached during the period from on or about November 27 to on or about December 15, 2013." (Complaint, ¶ 28.) The Complaint asserts claims for violation of Utah's Unfair Competition Act, invasion of privacy, negligence, breach of contract, bailment, and conversion.

As of the filing of this Motion, at least 76 other similar putative class actions are currently pending in 34 district courts in 23 states across the country.[4] The gravamen of plaintiffs' claims in each of the Actions is virtually identical: i.e., that Target failed to properly

---

[4] One of the earliest filed of the Actions is another case pending before this Court, *Christina L. Rothschild et al. v. Target Corporation,* D. Utah Case No. 1:13-cv-00178-RJS (the "*Rothschild* Action"). After Target filed a similar motion to stay in the *Rothschild* Action, counsel for the class plaintiffs there agreed to the requested stay. The parties' now *joint* motion to stay is pending before Judge Robert J. Shelby.

2

safeguard guest financial data and failed to properly disclose the data breach to those guests who might be affected.  Plaintiffs in the various Actions all assert some combination of claims for breach of contract, negligence, negligent misrepresentation and concealment, invasion of privacy, violation of the Federal Stored Communications Act, state law consumer protection statutes, state law data breach statutes, and related equitable claims.

Numerous plaintiffs have filed motions, pursuant to 28 U.S.C. § 1407, requesting transfer of the Actions to a single district for coordinated or consolidated pretrial proceedings.  *See In re Target Corp. Customer Data Security Breach* (MDL No. 2522).  Plaintiffs in more than 40 of the Actions have told the JPML that they support transfer.  On January 16, 2014, plaintiffs in this Action filed a "Notice of Related Action" informing the JPML that this Action "involves common questions of law and fact with the" other Actions and requesting that the JPML treat this Action as related (the "Christensen Notice").[5]  No one has opposed transfer.  The only dispute so far has been about *where* (not whether) the Actions should be transferred, with plaintiffs arguing for consolidation in various districts including the District of Minnesota, the Central District of California, the Northern District of California, the Southern District of California, the Northern District of Illinois, the Southern District of Illinois, the Eastern District of Louisiana, the Middle District of Louisiana, the Eastern District of New York, the District of Colorado, and—as the plaintiffs in the *Rothschild* Action argue—the District of Utah.  Target supports transfer to the District of Minnesota and filed its consolidated response to the transfer motions on January 30, 2014.  Briefing of the transfer motions should now complete and a hearing before the JPML on the transfer motions is scheduled for March 27, 2014.

---

[5] A copy of the Christensen Notice, including attachments, is attached hereto as Exhibit C.

In the interim, Target is seeking stays in each of the Actions. To date, 24 cases have already been stayed, either by stipulation or motion. Stipulations or unopposed motions to stay are on file in an additional 13 cases. Stipulations are being prepared in two more cases where the plaintiffs have agreed to a stay, but the papers have not yet been filed with the respective courts. Where plaintiffs have refused to stipulate, Target is in the process of filing motions requesting stays. The courts that have decided these motions have universally granted a stay. Several additional motions to stay are pending.

In this Action, although Target conferred with plaintiffs' counsel, plaintiffs have not yet agreed to a stay. Hence, this Motion.[6]

## II.   ARGUMENT

The Court has "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009) (granting stay pending resolution of jurisdictional issues). In deciding whether to grant a stay pending the JPML decision to transfer a case to an MDL, courts consider: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation" if the cases are in fact consolidated. *Franklin v. Merck & Co.*, No. 06-cv-02164-WYD-BNB, 2007 WL 188264, at *2 (D. Colo. Jan. 24, 2007) (citing *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)); *see also Asmann v. Dairy Farmers of America, Inc.*, No. 12-1060-KHV/DJW, 2012 WL 1136865, at *2 (D. Kan. Apr. 04, 2012)

---

[6] Should—after the filing of this Motion—plaintiffs' counsel agree to a stay (as happened in the *Rothschild* Action), Target expects to file in the place of this Motion a *joint* motion to stay.

4

(staying action based on analysis of same three factors); *Pace v. Merck & Co.*, No. CIV 04-1356 MCA/ACT, 2005 WL 6125457, at *1-2 (D.N.M., Jan. 10, 2005) (same).

Courts routinely stay preliminary pretrial proceedings when a transfer motion is pending with the JPML in order to conserve judicial resources, avoid duplicative litigation, and prevent prejudice to the parties. *See, e.g.*, *Lundy v. C.B. Fleet Co.*, No. 09-cv-00802-WYD-KLM, 2009 WL 1965521, at *1 (D. Colo. July 6, 2009) ("As a general rule, 'courts frequently grant stays pending a decision by the MDL panel regarding whether to transfer a case.'") (quoting *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (C.D. Cal. 1998)); *Urynowicz v. Johnson & Johnson*, No. 11-cv-01703-REB-KMT, 2011 WL 4435078, at *1 (D. Colo. Sept. 23, 2011) (staying proceedings pending JPML's transfer decision); *Franklin*, 2007 WL 188264 (same); *Asmann*, 2012 WL 1136865 (same); *Pace,* 2005 WL 6125457 (same). For the reasons detailed below, each of the stay factors weighs heavily in favor of staying this Action pending the JPML's determination.

### A. A Stay in this Action Would Help Conserve Judicial Resources, Avoid Duplicative Litigation, and Increase Efficiency and Consistency

Granting a stay in this Action will allow both the parties and this Court from having to engage in substantial activity that is likely unnecessary and duplicative and could result in inconsistency with the other Actions. *See, e.g.*, *Franklin*, 2007 WL 188264, at *2 (granting stay pending JPML's decision regarding transfer because it "would promote judicial economy and help insure consistent pretrial rulings"); *Lilak v. Pfizer Corp.*, No. 08-cv-02439-CMA-KLM, 2008 WL 4924632, at *3 (D. Colo. Nov. 13, 2008) (granting stay pending JPML's decision regarding transfer because it would best serve judicial economy). But were this Court not to stay the Action, Target will soon be presented with multiple deadlines, including the responsive

5

pleading deadline, requiring significant action by the parties and unnecessarily consuming judicial resources.

Further, without a stay, Target will be required to engage in duplicative litigation and there is a serious risk of inconsistent or contradictory decisions. Plaintiffs in other Actions have already filed motions for class certification, expedited discovery, and protective orders. For example, on January 6, 2014, the Southern District of Florida denied a request for expedited discovery in the *Gray v. Target Corp.* case, and instead stayed the case. Plaintiffs' refusal thus far to agree to a stay suggests they may take similar action here. Absent a stay in this and other Actions, Target could be forced to respond to numerous identical motions, and could face duplicative discovery demands.

If—as expected—a transfer is ordered by the JPML, all such discovery will take place in the consolidated MDL before a single court, conserving this Court's judicial resources, as well as those of the courts where the other Actions are pending, and enabling Target and the plaintiffs in the various Actions to engage in consolidated discovery and motion practice. On the other hand, proceeding with litigation of this Action now risks inefficiency and inconsistent results. That would thwart the very purposes of the MDL process.

### B.  Target Will Be Prejudiced If a Stay Is Denied.

Proceeding with multiple, overlapping actions pending a ruling on an MDL motion imposes an unnecessary burden on a defendant. *See, e.g.*, *Franklin*, 2007 WL 188264, at *3 (prejudice to defendant from potential "duplicative motions practice and discovery" outweighed any prejudice to plaintiff that would result from stay pending JPML decision); *Bd. of Trs. of Teachers' Ret. Sys. of Ill. v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 905 (N.D. Ill. 2002) (staying

action because "litigating essentially the same claims in courts all over the country is no doubt burdensome"). If this Court does not grant a stay, Target will have to take all action necessary to meet numerous deadlines in this Action, including filing responsive pleadings, exchanging initial disclosures, and potentially engaging in discovery necessary to resolution of the allegations raised in this Action. And the parties will be required to meet and confer on case management issues that will necessarily be discussed anew in the transferee court.

Absent a stay, a transfer of this Action into a consolidated MDL is likely to occur after some or all of the above activity has already taken place. That result would not only needlessly waste the parties' time, effort, and resources, but Target could also find itself in a consolidated action before a different court that has made rulings inconsistent with any rulings made by this Court. That result would further prejudice Target. *See, e.g.*, *Lilak*, 2008 WL 4924632, at *3 (risk that defendant could face inconsistent pre-trial rulings supported staying action pending JPML's decision); *see also Bigley v. Sgarlato Labs., Inc.*, No. 09-cv-02262-WDM-KLM, 2010 WL 743587, at *2 (D. Colo. Mar. 1, 2010) ("awaiting a ruling from the MDL panel will … avoid the issuance of rulings on discovery and substantive motions inconsistent with those issued by other federal courts").

**C.     Plaintiffs Will Not Be Prejudiced by the Grant of a Stay.**

Conversely, granting a stay will not prejudice plaintiffs. The Complaint was served just on December 31, 2014, and there has been virtually no activity related to the Action. Briefing concerning the transfer motions is complete. The JPML has indicated that any hearing on the transfer motions will occur on March 27, 2014. The JPML routinely rules on transfer motions within several weeks after a hearing. *See, e.g.*, David F. Herr, *Multidistrict Litigation Manual* §

7

4.27 (2013 ed.) ("In most cases the [JPML] decides the matter before it within a short period after arguments are held or after the briefing is completed if the parties waive oral argument.") Given the large number of actions and the broad support for transfer, the JPML may decide to rule without a hearing and could issue its ruling any time now that the briefing is complete.  In the meantime, Target is taking steps to ensure the appropriate retention of potentially discoverable information.  Any delay resulting from a stay would therefore be minimal and, at this early stage of the proceedings, would have no significant negative impact on the litigation.

### D. A Transfer Order Is Likely.

The likelihood of a transfer of this Action into an MDL further supports a stay of this Action.  *See, e.g.*, *Urynowicz*, 2011 WL 4435078, at *1 (expectation of order consolidating actions for pretrial proceedings minimizes any potential prejudice and supports stay of proceedings).  Given the geographic diversity of the individual actions currently pending—e.g., Alabama, Arkansas, California, Colorado, Florida, Georgia Illinois, Kentucky, Louisiana, Massachusetts, Minnesota, Missouri, New Hampshire, New Jersey, New York, North Carolina, North Dakota, Ohio, Oregon, Pennsylvania, Rhode Island, Tennessee, Utah, and Washington— the similarity of the claims for relief, unanimous support from Target and plaintiffs across the country to a transfer for consolidated pretrial proceedings, and the strong potential for conflicting rulings in the various actions, there is a strong likelihood that the JPML will transfer all of the Actions to a single court.

Lawsuits asserting similar claims regarding an alleged failure to properly safeguard financial data or to properly disclose a data breach have been routinely transferred to one district for consolidated pre-trial proceedings.  *See, e.g.*, *In re Schnuck Mkts., Inc. Customer Data*

*Security Breach Litig.*, MDL. No. 2470, 2013 WL 5670861 (J.P.M.L. Oct. 18, 2013) (transferring actions that arose from same data security breach); *In re Zappos.com, Inc. Customer Data Security Breach Litig.*, 867 F. Supp. 2d 1357 (J.P.M.L. 2012) (same); *In re Sony Gaming Networks & Customer Data Security Breach Litig.*, 802 F. Supp. 2d 1370 (J.P.M.L. 2011) (same); *In re Hannaford Bros. Co. Customer Data Security Breach Litig.*, 559 F. Supp. 2d 1405 (J.P.M.L. 2008) (same); *In re TJX Cos. Customer Data Security Breach Litig.*, 493 F. Supp. 2d 1382 (J.P.M.L. 2007) (same).  This further supports the entry of a stay of this Action.

### III.   CONCLUSION

A stay of this Action pending the JPML's determination of the pending transfer motions is necessary to conserve judicial resources, avoid duplicative litigation, prevent prejudice to the parties, and increase efficiency and consistency.  A stay will not prejudice any party, but the denial of a stay will result in substantial prejudice to Target.  For these reasons, this Court should enter an order staying all proceedings pending a transfer decision by the JPML.  Alternatively, Target respectfully moves this Court for a 30-day enlargement of time to respond to the Complaint, running from the date the Court rules on the Motion to Stay.

Dated:  February12, 2014                    Respectfully submitted,

Sterling A. Brennan
MASCHOFF BRENNAN LAYCOCK
   GILMORE ISRAELSEN & WRIGHT, PLLC

David F. McDowell
(*pro hac vice* application forthcoming)
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone:   213.892.5200
Facsimile:    213.892.5454
E-mail:  dmcdowell@mofo.com

9

Harold J. McElhinny
(*pro hac vice* application forthcoming)
Jack W. Londen
(*pro hac vice* application forthcoming)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone:   415.268.7000
Facsimile:    415.268.7522
E-mail:  hmcelhinny@mofo.com
E-mail:  jlonden@mofo.com

By:  */s/ Sterling A. Brennan*
         Sterling A. Brennan
Attorneys for Defendant TARGET CORPORATION