IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NELLIE CHRISTENSEN, STEPHANIE WRIGHT, JENNIFER CHISTENSEN, ZACHARY CHRISTENSEN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION, a Minnesota Corporation; VISA CORPORATION, a New York Corporation; MASTERCARD CORPORATION, a California Corporation; and JOHN or JANE DOES 1-10,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING TARGET CORPORATION'S MOTION TO STAY**<br><br>Case No. 2:13-cv-01136<br><br>Judge Clark Waddoups |

## I.     INTRODUCTION

Before the court is Defendant Target Corporation's ("Target") Motion to Stay Proceedings Pending Transfer Decision by Judicial Panel on Multidistrict Litigation. (Dkt. No. 8.) Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument on the motion is not necessary. *See* DUCivR 7-1(f). After carefully reviewing the parties' filings and relevant legal authorities, the court GRANTS Defendant's Motion to Stay for the reasons discussed below.

## II.     BACKGROUND

This action arises out of the unauthorized access to payment card data in Target stores affecting customers who conducted in-store purchases between November 27 and December 15, 2013. That incident has resulted in multiple lawsuits against Target in district courts across the

country. Plaintiffs in this case filed a complaint against Target on December 31, 2013 alleging harm as a result of the data breach. (Dkt. No. 2.) A motion to transfer and consolidate the various actions in a single district court pursuant to 28 U.S.C. § 1407 has been filed with the Judicial Panel on Multidistrict Litigation ("JPML"). (*See* Brief in Support of Plaintiffs' Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407, *In re* Target Corp. Customer Data Sec. Breach Litig., MDL No. 2522 [J.P.M.L. Dec. 24, 2013]). Target now moves to stay this case pending resolution of the JPML motion, which has been fully briefed and is currently scheduled to be heard by the panel on March 27, 2014. (Notice of Hearing Session at 9, *In re* Target Corp. Customer Data Sec. Breach Litig., MDL No. 2522 [J.P.M.L. Feb. 21, 2014]).

### III. ANALYSIS

This court has "inherent power to grant a stay pending the result of other proceedings." *Gale v. Brinker Int'l Payroll Co., L.P.*, No. 1:09-CV-129 TS, 2010 U.S. Dist. LEXIS 104168, at *3 (D. Utah Sept. 29, 2010) (citing *Nederlandse Erts-Tankersmaatschappij, N. V. v. Isbrandtsen Co.*, 339 F.2d 440, 441 (2d Cir. 1964)). The United States Supreme Court has described this power as being "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The following factors are relevant to the court's decision: (1) whether a stay would promote judicial economy, (2) whether a stay would avoid confusion and inconsistent results, and (3) whether a stay would unduly prejudice the parties or create undue hardship. *Alter v. FDIC*, No. 2:13-CV-456 TS, 2014 U.S. Dist. LEXIS 25513, *3 (D. Utah Feb. 27, 2014). Because the motion before the JPML raises the possibility that the present action will be transferred to another district court for consolidated proceedings, this court finds that a stay would promote judicial economy. In the event that the transfer is granted, staying the

2

action will serve the additional purpose of preventing conflict between pre-trial rulings made by this court and subsequent decisions of the district court where the actions are consolidated.

Plaintiffs have also failed to identify that they will suffer any prejudice from a stay. They state that they support consolidation of the actions (Pl.'s Opp. Def.'s Mot. Stay 4 [Dkt. No. 13]), and have filed a Notice of Related Action with the JPML asserting that the "Christensen action involves common questions of law and fact with the action filed by moving plaintiff." (Notice of Related Action at 1, *In re* Target Corp. Customer Data Sec. Breach Litig., MDL No. 2522 [J.P.M.L. Jan. 16, 2014]). Their sole contention against Target's motion is that they do not know the latter's position with respect to the transfer. (Pl.'s Opp. Def.'s Mot. Stay 4 [Dkt. No. 13].) However, Target disclosed their position in favor of consolidation in the District of Minnesota in their JPML brief, which was filed on January 30, 2014. (Def.'s Rep. Mot. Stay 5 [Dkt. No. 16].) Because this litigation is still in its early stages and Target has a duty to preserve evidence,[1] the court finds that plaintiffs will not be prejudiced by staying the action at this time. On the other hand, in the absence of a stay, Target would suffer undue hardship by having to repeat its litigation efforts in more than one forum and being subject to duplicative discovery.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Defendant's Motion to Stay (Dkt. No. 82). This case is stayed pending resolution of the Motion for Transfer that is currently before the JPML. Target shall file a Notice with this court indicating the outcome of the proceedings within five days after the JPML issues a decision.

---

[1] "A litigant has a duty to preserve evidence that he knows or should know is relevant to imminent or ongoing litigation." *Jordan F. Miller Corp. v. Mid-Continent Aircraft Serv.*, No. 97-5089, 1998 U.S. App. LEXIS 2739, *15 (10th Cir. Feb. 20, 1998).

SO ORDERED this 21st day of March, 2014.

        BY THE COURT:

        _____
        Clark Waddoups
        United States District Court Judge